United States District Court
Southern District of Texas
**ENTERED**
January 17, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIGMA 3 INTEGRATED RESERVOIR, SOLUTIONS INC. AND SIGMA CUBED INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-3332 |
| AHMED OUENES, PETER O'CONOR AND FRACGEO L.L.C., | § § § § | |
| Defendants. | § | |

**ORDER**

The parties have agreed to arbitrate their disputes, including their dispute over the issuance of a preliminary injunction. The plaintiffs' motion for a preliminary injunction, Docket Entry No. 1, and the defendants' motion to dismiss, Docket Entry No. 6, are denied as moot.

Under section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, "a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration under an agreement in writing for such arbitration . . . ." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). The Fifth Circuit has interpreted this language to mean that the district court cannot deny a stay when one is properly requested. *Id.* "This rule, however, was not intended to limit dismissal of a case in the proper circumstances." *Id.* "[A] dismissal may be appropriate 'when *all* of the issues raised in the district court must be submitted to arbitration.'" *Ruiz v. Donahoe*, 784 F.3d 247, 249–50 (5th Cir. 2015) (quoting *Alford*, 975 F.2d at 1164). As the Fifth Circuit explained in *Alford*:

Although we understand that plaintiff's motion to compel arbitration must be

1

> granted, we do not believe that the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.

*Id.* (quoting *Sea-Land Service, Inc. v. Sea-Land of Puerto Rico, Inc.*, 636 F. Supp. 750, 757 (D. Puerto Rico 1986)).

This case is dismissed, without prejudice, in favor of arbitration.

SIGNED on January 17, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

2